

# UNITED STATES TAX COURT
WASHINGTON, D.C. 20217
March 19, 2015

CLERK OF THE COURT



| | |
|---|---|
| LEROY MUNCY, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | )    Docket No. 27807-11 |
| | ) |
| COMMISSIONER OF INTERNAL REVENUE, | ) |
| | ) |
| Respondent | ) |

## NOTICE OF FILING OF NOTICE OF APPEAL

TO:

Michael E. Gans, Clerk
U. S. Court of Appeals
 for the Eighth Circuit
Room 24.329
Thomas F. Eagleton Courthouse
111 S. 10th Street
St. Louis, MO 63102

William J. Wilkins
Chief Counsel
Internal Revenue Service
1111 Constitution Ave, NW
Washington, DC 20224

Leroy Muncy
P. O . Box 11334
Russellville, AR 72812-1334

The United States Court of Appeals for the 8th Circuit and the parties are hereby notified that on March 18, 2015, petitioner filed a Notice of Appeal from the decision of the Tax Court. A copy of that Notice of Appeal is herewith served upon you.

The parties are hereby notified that the original papers constituting the record of the case in the United States Tax Court include any transcripts of proceedings. The record on appeal will be sent to the United States Court of Appeals on April 20, 2015.

Counsel for the Commissioner of Internal Revenue are **GILBERT S. ROTHENBERG, CHIEF, APPELLATE SECTION, TAX DIVISION, UNITED STATES DEPARTMENT OF JUSTICE, P.O. BOX 502, WASHINGTON, D.C. 20044, UPON WHOM SERVICE OF DOCUMENTS AND PAPERS IN PROCEEDINGS IN THE COURT OF APPEALS IS TO BE MADE,** and William J. Wilkins, Chief Counsel, Internal Revenue Service.

Robert R. Di Trolio
Clerk of the Court

Enclosures: Certified Copy of Notice of Appeal and Docket Entries.

Fee Paid:     Yes <u>XXX</u>     No_

SERVED MAR 1 9 2015

US TAX COURT
RECEIVED

MAR 18 2015

CT

US TAX COURT
FILED

MAR 18 2015



LEROY MUNCY

        Petitioner(s)

               v.

COMMISSIONER OF INTERNAL REVENUE,

        Respondent

PAPER FILED

Docket No.    27807-11

# NOTICE OF APPEAL

**UNITED STATES TAX COURT**

| | |
|---|---|
| LEROY MUNCY, | ) |
| | ) |
|     Petitioner-Appellee, | ) |
| | ) |
|         vs. | ) |
| | ) |
| COMMISSIONER OF INTERNAL | ) |
| REVENUE, | ) |
| | )   Tax Court Case No. 27807-11 |
|     Respondent/Appellees. | ) |

NOTICE OF APPEAL

Notice is hereby given that Petitioner *pro se*, Leroy Muncy, appeals to the United States Court of Appeals for the 8th Circuit from the entirety of the ORDER of the United States Tax Court, docketed on December 17, 2014, Judge Joseph W. Nega presiding.

Dated this 13th day of March, 2015.

Leroy Muncy
P. O. Box 11334
Russellville, Arkansas 72812

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Notice of Appeal was mailed via 1st Class Mail, United States Postal Service, postage having been paid in full, on March 13, 2014, to:

Ann Louise Darnold, Atty.
55 North Robinson St.
Robinson Plaza; Suite 830
Oklahoma City, OK 73102-923


*Leroy Muncy*

Leroy Muncy


*Also sent to:*

Clerk, United States Tax Court
400 Second Street, N. W.
Washington, DC 20217

2



This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013. All rights reserved.

**UNITED STATES POSTAL SERVICE** ®

## USPS TRACKING #

9114 9999 4431 4892 5765 89

LAB400R Aug. 2013
7690-17-000-0669

U.S. POSTAGE
PAID
TEXARKANA TX
75501
MAR 13 15
AMOUNT
**$5.75**
00084179-07

20217

1006



**PRIORITY® MAIL**
UNITED STATES POSTAL SERVICE

For Domestic and International Use



**FROM:**

From  LeRoy Muncy
P.O. Box 11334
Russellville, Ar 72812

**TO** Clerk, U.S. Tax Court
400 Second St. N.W
Washington, DC 20217

27807-11

Label 228, January 2008·

PRESS FIRMLY TO SEAL

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

**UNITED STATES POSTAL SERVICE** ®

July 2013
2.5 x 9.5

T.C. Memo. 2014-251


UNITED STATES TAX COURT


LEROY MUNCY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 27807-11.                    Filed December 15, 2014.


Leroy Muncy, pro se.

Ann Louise Darnold and H. Elizabeth H. Downs, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

NEGA, Judge: Respondent determined deficiencies and additions to tax

and asserted increased deficiencies with respect to petitioner as follows:[1]

---

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the years at issue, and all Rule references are to the
(continued...)

**SERVED** DEC 15 2014

[*2]

|  | | Additions to tax | | |
| --- | --- | --- | --- | --- |
| Year | Deficiency[1] | Sec. 6651(f) | Sec. 6651(a)(2) | Sec. 6654(a) |
| 2000 | $60,957 | $44,194 | $15,239 | $3,279 |
| 2001 | 53,915 | 39,088 | 13,479 | 2,155 |
| 2002 | 51,216 | 37,132 | 12,804 | 1,711 |
| 2003 | 54,199 | 39,294 | 13,550 | 1,398 |
| 2004 | 64,759 | 46,950 | 16,190 | 1,856 |
| 2005 | 60,022 | 43,516 | 15,006 | 2,408 |

[1]Respondent originally determined deficiencies of $10,924, $6,881, and $7,435 for 2003, 2004, and 2005, respectively by reducing petitioner's total corrected tax liabilities for these years (the numbers above) by the amounts of restitution ordered by the U.S. District Court for the Eastern District of Arkansas. Respondent now asserts, in his amendment to answer, that the total corrected tax liabilities unreduced by the restitution amounts are the appropriate tax deficiencies for these years.

The issues for decision are: (1) whether petitioner had unreported income for the taxable years 2000 through 2005 (years at issue); (2) whether petitioner is liable for the additions to tax for these years; and (3) whether petitioner is liable for a penalty under section 6673 on the grounds that petitioner's arguments are frivolous and that the proceeding was commenced and maintained primarily for delay.

---

[1](...continued)
Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

FINDINGS OF FACT

Petitioner resided in Arkansas at the time the petition was filed. Petitioner failed to file Federal income tax returns and pay estimated tax for tax years 2000 through 2005. Respondent prepared substitutes for returns (SFRs) for these years pursuant to section 6020(b).

From 1978 through 2005 petitioner worked as a wholesale tire salesman at Beacon Tire, Inc. (Beacon Tire). Petitioner was treated as an employee of Beacon Tire until 1994. Around this time petitioner was exposed to an antitaxation group that convinced him that his wages were not taxable and that it was illegal for Beacon Tire to withhold tax from his wages. At his insistence Beacon Tire stopped withholding petitioner's income tax.

In 1998 petitioner began working with individuals who promoted tax-avoidance schemes. The plan was to set up employment agencies to receive petitioner's wages so the wages would not be reported in his name or paid directly to him. Accordingly, petitioner became a "contractor" for a company called Contract Select, Inc. (Contract Select), and a contract was entered into between Beacon Tire and Contract Select. Although petitioner was allegedly an "independent contractor" for Contract Select (which eventually became Accurate Consulting), no other aspects of petitioner's job or duties changed. Beacon Tire

[*4] continued to reimburse petitioner for all his business expenses, provided him with a company vehicle to drive, and determined his earnings. Checks for earnings were sent to Contract Select (from 1999 to 2002) and Accurate Consulting (from 2002 to 2005) and were either: (1) deposited or transferred into a trust or a nominee account that petitioner created; (2) cashed by petitioner; or (3) endorsed over to a third party. Petitioner made all decisions regarding the receipt, deposit, or disbursement of income that Beacon Tire paid to these entities. Upon petitioner's insistence, no Forms W-2, Wage and Tax Statement, nor any version of Form 1099 were issued to petitioner by Contract Select or Accurate Consulting to report income paid to him for tax years 2000 through 2005.

Petitioner was investigated by the Criminal Investigation Division of the Internal Revenue Service (IRS) after audits revealed that petitioner was using an abusive tax scheme and was claiming to be a "sovereign, living soul" who was not a citizen of the United States or the State of Arkansas and not a party to the United States Constitution. During the investigation no valid business purpose was discovered to explain why petitioner's income was sent to Contract Select or Accurate Consulting. In an attempt to impede the investigation, petitioner filed over 70 Freedom of Information Act requests with the IRS.

[*5]   In January 2010 petitioner pleaded guilty to one count[2] of willful attempt to

evade and defeat his individual income tax for the 2004 tax year.[3]  His criminal

plea agreement stated:  "Except to the extent otherwise expressly specified herein,

this Agreement does not bar or compromise any civil or administrative claim

pending or that may be made against the defendant, including but not limited to

tax matters."  The plea agreement also stated:  "This Agreement is binding only

upon the United States Attorney's Office for the Eastern District of Arkansas and

the defendant.  It does not bind * * * any other federal, state or local prosecuting,

administrative, or regulatory authority."

In its judgment filed October 26, 2010, the District Court placed petitioner

on probation for three years and required him to file tax returns as a condition of

the probation.  United States v. Muncy, No. 4:10-cr-00018-BSM (E.D. Ark. filed

Jan. 8, 2010).  The judgment also deferred the full determination of restitution, or

---

[2]Specifically, the count states that petitioner "knowingly utilized various
shell entities and abusive trusts to prevent withholding by his employer, then
intentionally refused to file his tax returns, for the purpose of willfully avoiding
the payment of such individual income taxes that would have been due or owing.
Such taxes were substantial.  Such conduct by * * * [petitioner] was in violation of
Title, 26, U.S.C., Section 7201."

[3]The Information Sheet states:  "On or about April 15, 2005, * * *
[petitioner] willfully attempt[ed] to evade and defeat his individual income tax
imposed by law for the calendar year 2005."  We take this to mean that the charge
relates to the 2004 tax year.

[*6] what it called "criminal monetary penalties", until a later date. Soon after, a restitution report was filed determining restitution amounts of $43,275, $57,878, and $52,587 for tax years 2003 through 2005, respectively. An order was entered on January 25, 2011, reflecting this determination.

On September 7, 2011, respondent mailed a notice of deficiency to petitioner and attached a Form 4549-A, Income Tax Discrepancy Adjustments. In the notice respondent calculated petitioner's total corrected tax liability for each year. For each of the tax years 2000 through 2002 petitioner's deficiency amount was his total corrected tax liability. For each of the tax years 2003 through 2005 respondent reduced petitioner's total corrected tax liability by the amounts of criminal restitution ordered for that year to come up with the deficiency amount. On September 30, 2013, respondent made assessments of the restitution in his internal records. On June 13, 2014, respondent filed a first amendment to answer stating that petitioner's deficiency for each of the tax years 2003 through 2005 should be petitioner's total corrected tax liability for that year unreduced by the amount of criminal restitution for that year.

Petitioner asserts that the restitution report and the order for restitution represent the full settlement of his tax liabilities for 2003 through 2005. There is

[*7] no evidence that petitioner has satisfied his criminal restitution order or received any discharge.

During the pendency of this case, petitioner has served on respondent a "First Formal Discovery Request", a "Second Formal Discovery Request", and interrogatories seeking information about the employment status and authority of IRS personnel. On February 18, 2014, petitioner filed a motion to compel discovery in an attempt to obtain this information. By order dated March 13, 2013, the Court denied this motion on the grounds that it advanced a frivolous argument and did not relate to the issues in the case. Thereafter, petitioner filed a motion requesting a determination of the existence of the Court's subject matter jurisdiction, essentially repeating his arguments regarding the inadequate delegated authority of IRS personnel. By order dated April 3, 2014, the Court denied petitioner's motion and reminded him of the frivolous nature of his arguments.

## OPINION

I.  Petitioner's Tax Liability

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving it incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). However, the Commissioner

[*8] generally bears the burden of proof with respect to any increases in deficiency.  Rule 142(a).

Petitioner contends that respondent's deficiency determinations for tax years 2000 through 2005 are "null and void" because the notice of deficiency was not "issued and sent by a duly authorized delegate of the Secretary".  Petitioner also contends that respondent's deficiency determinations for tax years 2003 through 2005 contravene petitioner's criminal plea agreement and judgment.  Petitioner argues in the alternative that the proper deficiency amounts are those set out in the notice of deficiency because they allow a credit for the amounts of restitution ordered for tax years 2003 through 2005.

Petitioner's argument regarding the authority of IRS employees is similar to those we have previously held to be without merit.  In numerous opinions, we have determined that arguments questioning the authority of IRS employees to sign and issue documents are frivolous.  See, e.g., Roye v. Commissioner, T.C. Memo. 2012-246; Cooper v. Commissioner, T.C. Memo. 2006-241, slip op. at 5 ("We note that all of petitioner's arguments are specious and without substance, and many of them have been offered by others who are merely attempting to avoid the payment of Federal tax."); Kozack v. Commissioner, T.C. Memo. 2005-246; see also Wnuck v. Commissioner, 136 T.C. 498, 501-513 (2011); cf. Crain v.

[*9] Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute * * * [petitioner's] arguments with somber reasoning and copious citation of precedent; to do so might suggest that * * * [his] arguments have some colorable merit.").

Petitioner also contends that respondent erred in determining deficiencies for the taxable years 2003 through 2005 because the deficiencies contravene his criminal plea agreement and judgment. Specifically, petitioner contends that the District Court determined his tax liabilities for 2003 through 2005 and that respondent is collaterally estopped from relitigating these amounts.[4] Although the District Court ordered specific restitution amounts for each of the tax years 2003 through 2005, petitioner's tax liabilities for each of these years were not an essential element of the Government's case and were not actually litigated. See sec. 7201; Morse v. Commissioner, 419 F.3d 829, 834 (8th Cir. 2005), aff'g T.C. Memo. 2003-332; Peck v. Commissioner, 90 T.C. 162, 166-167 (1988) (holding that "[t]he parties must actually have litigated the issues and the resolution of these

---

[4]Similarly, petitioner argues that the doctrine of res judicata applies for these years. We note that collateral estoppel, rather than the related doctrine of res judicata, may apply when a civil case follows a criminal case. See Helvering v. Mitchell, 303 U.S. 391, 397 (1938) ("The difference in degree of the burden of proof in criminal and civil cases precludes application of the doctrine of res judicata."); United States v. Barnette, 10 F.3d 1553, 1560-1561 (11th Cir. 1994).

[*10] issues must have been essential to the prior decision" in order for collateral

estoppel to apply), aff'd, 904 F.2d 525 (9th Cir. 1990); Senyszyn v.

Commissioner, T.C. Memo. 2013-274, at *9-*10 ("Although the existence of an

underpayment in tax is a necessary element of tax evasion under section 7201, the

determination of an exact liability evaded is not."). Therefore, respondent is not

collaterally estopped from determining deficiencies relating to tax years 2003

through 2005.[5]

In the alternative, petitioner contends that the increased deficiencies

asserted in respondent's amendment to answer for tax years 2003 through 2005

should be reduced by the amounts of restitution ordered for these years.

Essentially, petitioner contends that the amounts originally determined in the

notice of deficiency are the correct amounts of deficiencies.

Initially, respondent determined deficiencies for tax years 2003 through

2005 by calculating petitioner's total corrected tax liability for each of these years

---

[5]Furthermore, petitioner's plea agreement expressly states that it "does not bar or compromise any civil or administrative claim pending or that may be made against the defendant, including but not limited to tax matters." The plea agreement states that it is "binding only upon the United States Attorney's Office for the Eastern District of Arkansas and the defendant" and "does not bind * * * any other federal, state or local prosecuting, administrative or regulatory authority." The criminal judgment refers to the restitution payments as "criminal monetary penalties" and makes no mention of civil liabilities or penalties. There is no overpayment for the Court to consider under sec. 6512(b).

**[\*11]** and subtracting the respective amounts of restitution ordered by the District Court. Subsequently, in his amendment to answer, respondent asserted that the amounts of restitution should not be subtracted from the calculated total corrected tax liability for each of these years.

Respondent met his burden of proof with respect to these "increases in deficiencies" asserted in his amended answer. Specifically, respondent offered into evidence invoices from Contract Select and Accurate Consulting to Beacon Tire as well as canceled checks from Beacon Tire to these agencies documenting payments for petitioner's wages. These documents verify that petitioner received income in the amounts respondent determined. Petitioner conceded at trial that he received income from Contract Select and Accurate Consulting, and it was his responsibility to show that the amounts he received from these agencies were nontaxable. See Dodge v. Commissioner, 981 F.2d 350, 353 (8th Cir. 1992), aff'g in part, rev'g in part 96 T.C. 172 (1991). Petitioner did not show that these amounts were in error or were not taxable.

This leaves us with the question of whether respondent should reduce his deficiency determinations by amounts of restitution previously ordered by the District Court. The restitution statute expressly contemplates that a civil claim may be brought after the criminal prosecution by providing that the amount paid

[*12] under a restitution order "shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in * * * any Federal civil proceeding". 18 U.S.C. 3664(j)(2)(A) (2012). The reverse applies as well: Any amount paid to the IRS as restitution for taxes owed must be deducted from any civil judgment the IRS obtains to collect the same tax deficiency. United States v. Tucker, 217 F.3d 960, 962 (8th Cir. 2000). This seems to imply that a civil judgment must be entered before the IRS reduces a taxpayer's tax liability by amounts of restitution paid.

Furthermore, section 6211(a) defines a "deficiency" as the correct tax for a year minus "amounts previously assessed * * * as a deficiency". Before the enactment of sections 6201(a)(4) and 6213(b)(5), the Court held that amounts paid to satisfy restitution ordered by a District Court are not amounts "previously assessed[6] * * * as a deficiency" for purposes of section 6211(a)(1) and do not reduce a deficiency determination. Weber v. Commissioner, T.C. Memo. 1995-125, 1995 WL 128456, at *6 (emphasis added).

The enactment of sections 6201(a)(4) and 6213(b)(5) follows the logic of both the restitution statute and the Court's prior holding. Section 6201(a)(4)

---

[6]"Previously assessed" means assessed before our decision. See Winter v. Commissioner, 135 T.C. 238, 276 n.4 (2010).

[*13] applies to restitution orders entered after August 16, 2010, and provides that the Service "shall assess and collect the amount of restitution under an order * * * for failure to pay any tax imposed under * * * [title 26] in the same manner as if such amount were such tax."

The plain language of section 6201(a)(4) states that the IRS shall assess and collect restitution previously ordered by a District Court "in the same manner as if such amount were such tax." (Emphasis added.) This language is almost identical to the language in section 6305(a), which provides that the IRS shall assess and collect amounts certified by the Secretary of Health and Human Services as delinquent spousal and child support payments "in the same manner * * * as if such amount were a tax imposed by subtitle C". Section 6305(b) goes on to state that delinquent spousal and child support payments assessed and collected by the IRS "as if" they were a tax under that provision are not subject to judicial review by the Tax Court--or any other Federal Court, for that matter. In other words, delinquent spousal and child support payments assessed under section 6305 "as if" they were a tax are not assessed "as a deficiency". See Murray v. Commissioner, 24 F.3d 901, 903 (7th Cir. 1994) ("Unlike a summary assessment, a deficiency assessment requires the IRS to follow a number of statutory steps before it may undertake to collect the deficiency."); see also Prestwich v. IRS, 796 F.2d 582,

**[\*14]** 584 (1st Cir. 1986) ("Section 6305(b) therefore reflects the logical intent of Congress to keep the IRS from becoming embroiled in matters between states and individuals in which the federal agency has no direct involvement.").

Another reference point for the analysis of the plain language in section 6201(a)(4) is section 6665(a)(1), which provides that additions to tax, additional amounts, and civil penalties "shall be assessed, collected, and paid in the same manner as taxes". (Emphasis added.) We believe the distinction between "as if" and "as" is significant. Although this provision requires deficiency procedures for some additions to tax (e.g., for failure to report tips under section 6652(b)), section 6665(b) goes on to say that certain additions to tax are not assessed, collected, and paid in the same manner as taxes and the regular deficiency procedures for assessment and collection do not apply to them. See sec. 6665(b) ("For purposes of subchapter B of chapter 63 * * * subsection (a) [of section 6665] shall not apply to any addition to tax under section 6651, 6654, [or] 6655[.]"). Instead, these other additions to tax are summarily assessed. Meyer v. Commissioner, 97 T.C. 555, 559-560 (1991).

Similarly, section 6213(b)(5), which applies to notices of assessments of restitution, states that regular deficiency procedures do not apply to amounts of restitution assessments. See sec. 6213(b)(5)(B) ("If the taxpayer is notified that an

[*15] assessment has been or will be made pursuant to section 6201(a)(4) * * * subsection (a) [of section 6213, pertaining to the procedures to challenge a deficiency in Tax Court] shall not apply with respect to the amount of such assessment."). Although neither section 6201(a)(4) nor section 6213(b)(5) explicitly states that assessed restitution amounts may not be considered in the definition of a deficiency under section 6211, we believe common sense dictates that they not be included as "amounts previously assessed * * * as a deficiency" for purposes of that section.

Furthermore, the legislative history of section 6201(a)(4) follows this reasoning. Specifically, the legislative history states that section 6201(a)(4) will allow the IRS "to assess and collect, in the same manner as delinquent taxes * * *, mandatory orders of restitution". 156 Cong. Rec. 12032 (2010) (emphasis added). That being said, we believe the "as if such amount were such tax" language of section 6201(a)(4) is significant and does not share the same meaning as "in the same manner as taxes." Instead, the "as if" language was intended to empower the IRS to collect court-ordered restitution for criminal tax cases without following regular deficiency procedures.

[*16] The Joint Committee on Taxation's general explanation, also known as the Blue Book, provides some guidance on the question as well.[7] See Staff of J. Comm. on Taxation, General Explanation of Tax Legislation Enacted in the 111th Congress, at 459-461 (J. Comm. Print 2011). The Joint Committee states that although an "amount of restitution ordered is computed by reference to the taxes that would have been owed but for the criminal offenses charged, restitution is not itself a determination of tax within the meaning of the Code and does not provide a basis on which tax may be assessed." Id. at 461. Thus, a taxpayer's tax liability is assessed separately from restitution and in fact may exceed amounts of restitution ordered for the year or years in question. See Morse v. Commissioner, 419 F.3d at 834; Gillum v. Commissioner, T.C. Memo. 2010-280, aff'd, 676 F.3d 633 (8th Cir. 2012). This comports with the purpose of the statute, which is not intended to be a radical departure from the way restitution was previously collected for criminal tax cases for failure to pay tax imposed under title 26. See H.R. 5552, 111th Cong., Preamble (2010) ("to provide for the assessment by the Secretary of the Treasury of certain criminal restitution"). Rather, the statute is intended to enhance the IRS' and the Treasury Department's collection

---

[7]We note that the Blue Books are not legislative history, though they can sometimes be relevant if persuasive. United States v. Woods, 571 U.S. __, __, 134 S. Ct. 557, 568 (2013).

[*17] capabilities when restitution is ordered. 156 Cong. Rec. 12031 ("The bill would also allow the IRS to collect restitution debt that has been court ordered to be paid in criminal tax cases."). Before the enactment of the statute, collection responsibilities were shared among the District Court that ordered restitution, the Financial Litigation Unit of the local U.S. Attorney's Office, and the Service. See Staff of J. Comm. on Taxation, supra, at 460. Now, in addition to that collection mechanism, the statute allows the Service to immediately assess the restitution without issuing a statutory notice of deficiency and collect (as if it were a tax) the court-ordered restitution. See secs. 6201(a)(4), 6213(b)(5).

Petitioner was ordered to pay restitution for failure to pay tax imposed under title 26 for tax years 2003 through 2005. Because the order was entered after August 16, 2010, section 6201(a)(4) applies. Firearms Excise Tax Improvement Act of 2010, Pub. L. No. 111-237, sec. 3(c), 124 Stat. at 2498. Although respondent assessed the restitution before our decision--that is, the restitution was "previously assessed", respondent did not assess the restitution "as a deficiency".[8] Instead, the restitution was summarily assessed. Therefore, we conclude and hold that petitioner's criminal plea agreement and judgment ordering restitution did not

_____

[8]Even if we were to assume arguendo that the restitution had been collected without assessment, it would not have been collected "as a deficiency".

[*18] discharge, and do not reduce, petitioner's deficiencies for tax years 2003 through 2005. We sustain respondent's deficiency determinations on the notice of deficiency for tax years 2000 through 2002 and sustain the increased deficiencies asserted in respondent's amendment to answer for tax years 2003 through 2005.

## II. Additions to Tax and Penalty

Petitioner asserts that the doctrines of res judicata and collateral estoppel preclude respondent from seeking civil fraud additions to tax.[9] For the reasons described above, we conclude that those doctrines do not apply. See also Morse v. Commissioner, 419 F.3d at 834 ("[T]he government does not surrender its right to seek civil fraud penalties by undertaking a criminal tax prosecution."). Therefore, we review respondent's determination that petitioner is liable for additions to tax for tax years 2000 through 2005.

---

[9]Petitioner also contends in his petition that the Double Jeopardy Clause of the Fifth Amendment of the U.S. Constitution bars the Commissioner from imposing civil fraud penalties and additions to tax in the notice of deficiency. We note that the double jeopardy clause "protects only against the imposition of multiple criminal punishments for the same offense." Hudson v. United States, 522 U.S. 93, 99 (1997) (emphasis added). Furthermore, the civil tax penalty for fraud is not a punishment for purposes of the Double Jeopardy Clause of the Fifth Amendment. Helvering v. Mitchell, 303 U.S. at 398; Morse v. Commissioner, T.C. Memo. 2003-332, aff'd, 419 F.3d 829 (8th Cir. 2005); Roberts v. Commissioner, T.C. Memo. 1997-216.

**[*19]** A.     <u>Fraudulent Failure To File a Tax Return</u>

The addition to tax in cases of fraud is a civil sanction provided primarily as a safeguard for the protection of revenue and to reimburse the Government for the heavy expense of investigation and loss resulting from the taxpayer's fraud. <u>Helvering v. Mitchell</u>, 303 U.S. 391, 401 (1938); <u>see also</u> <u>Price v. Commissioner</u>, T.C. Memo. 1996-204.  To sustain the 75% addition to tax provided by section 6651(f), respondent has the burden of proving by clear and convincing evidence that petitioner underpaid his income tax and that some part of the underpayment was due to fraud.  <u>See</u> sec. 7454(a); Rule 142(b); <u>see also</u> <u>Clayton v. Commissioner</u>, 102 T.C. 632, 646 (1994); <u>Jones v. Commissioner</u>, T.C. Memo. 2014-101; <u>Good v. Commissioner</u>, T.C. Memo. 2012-323.

In applying the addition to tax under section 6651(f), we consider the same elements, or long-recognized "badges of fraud", discussed in cases applying section 6663 or former section 6653(b)(1).  <u>Clayton v. Commissioner</u>, 102 T.C. at 647-653; <u>see</u> <u>Niedringhaus v. Commissioner</u>, 99 T.C. 202, 211-213 (1992).  Fraud may be proved by circumstantial evidence, and the taxpayer's entire course of conduct may establish the requisite fraudulent intent.  <u>Rowlee v. Commissioner</u>, 80 T.C. 1111, 1123 (1983).  Circumstantial evidence of fraud present here includes the pattern of failure to file returns, failure to report substantial amounts

[*20] of income, concealing assets, engaging in illegal activities, failure to

cooperate with the taxing authorities in determining petitioner's correct liability,

and failure to make estimated tax payments. See, e.g., Bradford v. Commissioner,

796 F.2d 303, 307-308 (9th Cir. 1986), aff'g T.C. Memo. 1984-601; Powell v.

Granquist, 252 F.2d 56, 60-61 (9th Cir. 1958); Clayton v. Commissioner, 102 T.C.

at 647; Grosshandler v. Commissioner, 75 T.C. 1, 19-20 (1980); Gajewski v.

Commissioner, 67 T.C. 181, 199-202 (1976), aff'd without published opinion, 578

F.2d 1383 (8th Cir. 1978).

Respondent contends, first, that petitioner is estopped to deny fraud for tax

year 2004 by his guilty plea to a violation of section 7201. A conviction for

Federal income tax evasion, either upon a plea of guilty, or upon a jury verdict of

guilt, conclusively establishes fraud in a subsequent civil tax fraud proceeding

through application of the doctrine of collateral estoppel. Weber v.

Commissioner, T.C. Memo. 1995-125. Petitioner was convicted of criminal tax

evasion under section 7201 pursuant to a plea agreement in the District Court in

which he pleaded guilty to one count of tax evasion for the 2004 taxable year.

Because the conviction required showing that petitioner willfully attempted to

evade tax, petitioner is collaterally estopped from contesting that he is liable for

the addition to tax for fraud with respect to the 2004 taxable year. See DiLeo v.

[*21] <u>Commissioner</u>, 96 T.C. 858, 885 (1991), <u>aff'd</u>, 959 F.2d 16 (2d Cir. 1992).

We therefore hold that petitioner is liable for the fraud addition to tax for the 2004

tax year.

Petitioner did not file returns for any of the years in issue, and he did not

dispute any of the facts establishing his receipt of substantial taxable income

during the years in issue. Petitioner engaged in a complex scheme to conceal his

income and assets during the years in issue. He was convicted of engaging in that

conduct in order to defeat the payment of taxes due for 2004, and the obvious

purpose of engaging in the scheme was to evade taxes for the previous years (and

subsequent year) as well. The objective facts are clear and convincing evidence of

fraud sufficient to satisfy respondent's burden of proof. The additions to tax for

fraud have frequently been imposed on taxpayers like petitioner "who were

knowledgeable about their taxpaying responsibilities * * * [and] consciously

decided to unilaterally opt out of our system of taxation." <u>Miller v.</u>

<u>Commissioner</u>, 94 T.C. 316, 335 (1990) (citing numerous relevant cases); <u>see</u>

<u>Niedringhaus v. Commissioner</u>, 99 T.C. at 212-213. Accordingly, we hold that

petitioner is liable for the additions to tax under section 6651(f) and sustain

respondent's determinations as set forth in the notice of deficiency.

[*22] B.    <u>Failure To Pay Tax</u>

Section 6651(a)(2) provides for an addition to tax when a taxpayer fails to timely pay the tax shown on a return unless the taxpayer proves that the failure was due to reasonable cause and not due to willful neglect.  Respondent has satisfied his burden of production with respect to the additions to tax under section 6651(a)(2).  <u>See</u> sec. 7491(c).  Respondent prepared SFRs in accordance with section 6020(b) for all of the years at issue, and petitioner did not pay the amounts shown as due.  <u>See</u> sec. 6651(g); <u>Cabirac v. Commissioner</u>, 120 T.C. 163, 170-173 (2003).  As a result, respondent's burden of producing evidence that supports an addition to tax for failure to timely pay tax due under section 6651(a)(2) is satisfied.  Petitioner has not offered any arguments alleging reasonable cause for failure to pay the amounts shown as due on the substitute returns and so is liable for the addition to tax under section 6651(a)(2) for each of the years at issue.

C.    <u>Failure To Pay Estimated Tax</u>

Respondent determined that petitioner is liable for additions to tax under section 6654.  Section 6654(a) and (b) provides for an addition to tax in the event of a taxpayer's underpayment of a required installment of estimated tax.  As it relates to this case, each required installment of estimated tax is equal to 25% of the "required annual payment", which in turn is equal to the lesser of (1) 90% of

[*23] the tax shown on the taxpayer's return for that year (or, if no return is filed, 90% of his or her tax for such year) or (2) 100% of the tax shown on the taxpayer's return for the immediately preceding taxable year. Sec. 6654(d)(1)(A) and (B).

The Commissioner's burden of production under section 7491(c) requires him to produce, for each year for which the addition is asserted, evidence that the taxpayer had a "required annual payment" under section 6654(d). To do so, the Commissioner must establish the tax shown on the taxpayer's return for the preceding year or demonstrate that the taxpayer filed no such return. See Wheeler v. Commissioner, 127 T.C. 200, 212 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008); Schlussel v. Commissioner, T.C. Memo. 2013-185.

Respondent introduced evidence to prove that petitioner was required to file Federal income tax returns for 2000 through 2005, that petitioner did not file returns for 2000 through 2005, and that petitioner did not make estimated tax payments for 2000 through 2005. However, respondent did not introduce evidence sufficient to prove that petitioner had an obligation to make any estimated tax payments for 2000. See Wheeler v. Commissioner, 127 T.C. at 211. Respondent was required to produce sufficient evidence that petitioner had a

[*24] required annual payment for 2000 under section 6654(d), and respondent failed to do so.

Instead, respondent produced evidence establishing that petitioner did not file a return for 2000 and that petitioner had an income tax liability for that year. This evidence was sufficient to permit the Court to make the analysis required by section 6654(d)(1)(B)(i). However, in order to permit the Court to make the analysis required by section 6654(d)(1)(B)(ii) and to conclude that respondent had met his burden of producing evidence that petitioner had a required annual payment for 2000 payable in installments under section 6654, respondent also had to introduce evidence showing whether petitioner had filed a return for the preceding taxable year and, if he did, the amount of tax shown on that return. Respondent did not do so. Without that evidence, we cannot identify the number equal to 100% of the tax shown on petitioner's 1999 return, we cannot complete the comparison required by section 6654(d)(1)(B), and we cannot conclude that petitioner had a required annual payment for 2000 that was payable in installments under section 6654. Consequently, respondent's determination regarding the section 6654 addition to tax for the 2000 tax year is not sustained.

Petitioner did not file returns for tax years 2001 through 2005; he did not file returns for the years immediately preceding these years; and he did not pay

[*25] estimated tax in these years. There are exceptions to the obligation to make estimated tax payments set forth in section 6654, but petitioner has not shown that he meets the criteria for those exceptions. See sec. 6654(e); McLaine v. Commissioner, 138 T.C. 228, 249 (2012) ("The burden of proof is on petitioner to show that he is covered by one of the relief provisions of section 6654[.]"). Therefore, petitioner is liable for the addition to tax under section 6654 for tax years 2001 through 2005 calculated with respect to the required annual payment-- 90% of the tax due for those years.

    D.    Section 6673 Penalty for Frivolous Arguments

    The Court may penalize a taxpayer if the taxpayer institutes or maintains proceedings primarily for delay or if the taxpayer's position is frivolous or groundless. Sec. 6673(a)(1). In this case the Court will not grant sanctions. This is not because the facts and law do not support the sanctions. Rather, the Court chooses to give petitioner a warning before imposing sanctions. While the record supports such sanctions, the Court is circumspect about imposing them without a proper warning to parties. Now that such a warning has been issued, the Court expects that petitioner will not continue to make frivolous arguments in this or other Tax Court proceedings or relitigate a settled case.

**[*26]** In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

<u>An appropriate decision will be entered</u>.

# UNITED STATES TAX COURT
### WASHINGTON, DC 20217

| | |
|---|---|
| LEROY MUNCY, | ) |
| | ) |
| Petitioner(s), | ) |
| | ) |
| v. | ) Docket No. 27807-11. |
| | ) |
| COMMISSIONER OF INTERNAL REVENUE, | ) |
| | ) |
| Respondent | ) |

## <u>DECISION</u>

Pursuant to the determination of the Court as set forth in its Memorandum Findings of Fact and Opinion (T.C. Memo 2014-251), filed December 15, 2014, it is hereby

ORDERED AND DECIDED that there are deficiencies in income tax, penalties and additions to tax due from petitioner as follows:

| | | Additions to Tax/Penalties | | |
|---|---|---|---|---|
| | | I.R.C. Sections | | |
| <u>Year</u> | <u>Deficiency</u> | <u>6651(f)</u> | <u>6651(a)(2)</u> | <u>6654(a)</u> |
| 2000 | $60,957.00 | $44,193.83 | $15,239.25 | None |
| 2001 | $53,915.00 | $39,088.38 | $13,478.75 | $2,154.66 |
| 2002 | $51,216.00 | $37,131.60 | $12,804.00 | $1,711.46 |
| 2003 | $54,199.00 | $39,294.28 | $13,549.75 | $1,398.40 |
| 2004 | $64,759.00 | $46,950.28 | $16,189.75 | $1,855.80 |
| 2005 | $60,022.00 | $43,515.95 | $15,005.50 | $2,407.59 |



Joseph W. Nega
Judge

ENTERED:   **DEC 17 2014**

Docket No.    027807-11                                                          INDEX

Leroy Muncy

v. COMMISSIONER OF INTERNAL REVENUE

P. O . Box 11334
Russellville, AR  72812-1334

Petitioner Counsel      (Total 01)                    Respondent Counsel      (Total 02)

PRO SE                                                BA0565      Darnold, Ann Louise

                                                     55 North Robinson Street
                                                     Suite 830
                                                     Robinson Plaza
                                                     Oklahoma City, OK  73102-9233


                                                     DH0243      Downs, H. Elizabeth H.

                                                     Chief Counsel - IRS
                                                     Suite 830, Robinson Plaza
                                                     55 North Robinson Street
                                                     Oklahoma City, OK  73102-9233

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | | SERVED | M |
|---|---|---|---|---|---|---|---|
| 0001 | 12/05/2011 | PF | PETITION Filed:Fee Paid | | R | 12/09/2011 | |
| 0002 | 12/05/2011 | REQT | REQUEST for Place of Trial at Little Rock, AR | | R | 12/09/2011 | |
| 0003 | 01/19/2012 | A | ANSWER w/Exh. | | P | 01/20/2012 | |
| 0004 | 04/03/2012 | MOTR | MOTION by resp. under Rule 37(c). | DN    04/13/2012 | P B | 04/04/2012 04/13/2012 | |
| 0005 | 04/04/2012 | NOF | NOTICE of Filing Rule 37(c) motion.  Reply to be filed by 4/24/12. | | B | 04/04/2012 | |
| 0006 | 04/12/2012 | R | REPLY | | P | 04/13/2012 | |
| 0007 | 08/22/2012 | NOT | NOTICE by resp. of death of petr. counsel Tommy K. Cryer. | | P | 08/23/2012 | |
| 0008 | 03/01/2013 | O | ORDER that Tommy K. Cryer is withdrawn as counsel of record in this case. | | B | 03/01/2013 | |
| 0009 | 11/08/2013 | NTD | NOTICE of Trial on 4/7/2014 at Little Rock, AR. | | B | 11/08/2013 | |
| 0010 | 11/08/2013 | SPTO | STANDING PRE-TRIAL ORDER attached to Notice of Trial | | B | 11/08/2013 | |
| 0011 | 02/10/2014 | LTR | LETTER DATED 2-8-14 by Petr. Leroy Muncy (EXHIBITS) | | R | 02/20/2014 | |
| 0012 | 02/18/2014 | M063 | MOTION TO COMPEL DISCOVERY by Petr. Leroy Muncy (C/S 02/06/14) | ORD  03/13/2014 | R | 02/26/2014 | |
| 0013 | 02/18/2014 | M034 | MOTION FOR SUMMARY JUDGMENT by Petr. Leroy Muncy (C/S 02/06/14) (EXHIBITS) (P.M.T.) | ORD  03/06/2014 | R | 02/26/2014 | |
| 0014 | 02/20/2014 | M026 | MOTION FOR PROTECTIVE ORDER PURSUANT TO RULE 103 by Resp. (EXHIBITS) (OBJECTION) | ORD  03/13/2014 | P | 02/20/2014 | |
| 0015 | 02/24/2014 | O | ORDER PETR. BY 3-17-14 FILE AN OBJECTION TO MOTION FOR PROTECTIVE ORDER. | | B | 02/25/2014 | |

Appellate Case: 15-1626     Page: 33     Date Filed: 03/26/2015 Entry ID: 4258702

| NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | SERVED | M |
|---|---|---|---|---|---|---|
| 0016 | 03/06/2014 | O | ORDER PETR. MOTION FOR SUMMARY JUDGMENT UNDER RULE 121 FILED 2/18/14 IS DENIED. PARTIES SHALL COOPERATE IN EXCHANGING EVIDENCE AND PREPARING A STIPULATION OF FACTS. PETR. IMMEDIATELY PROVIDE TO RESP. AN ACCURATE PHONE NUMBER AND OR EMAIL ADDRESS. COURT REMINDS PETR. OF HIS REQUIREMENT TO FILE A RESPONSE TO RESP. MOTION FOR PROTECTIVE ORDER. | | B   03/07/2014 | |
| 0017 | 03/07/2014 | M006 | MOTION FOR CONTINUANCE by Petr. Leroy Muncy (C/S 03/03/14) (EXHIBITS) | ORD  03/13/2014 | C   03/11/2014 | |
| 0018 | 03/07/2014 | OPPO | OPPOSITION TO MOTION FOR PROTECTIVE ORDER PURSUANT TO RULE 103 by Petr. Leroy Muncy (C/S 03/03/14) | | C   03/11/2014 | |
| 0019 | 03/13/2014 | O | ORDER THAT PETR'S. MOTION TO COMPEL DISCOVERY IS DENIED.  RESP'S. MOTION FOR A PROTECTIVE ORDER IS GRANTED. | | B   03/14/2014 | |
| 0020 | 03/13/2014 | O | ORDER THAT PETR'S. MOTION FOR CONTINUANCE OF TRIAL IS DENIED. | | B   03/14/2014 | |
| 0021 | 03/21/2014 | PMT | PRETRIAL MEMORANDUM by Resp. | | P   03/21/2014 | |
| 0022 | 03/31/2014 | M000 | MOTION REQUESTING DETERMINATION OF THE EXISTENCE OF SUBJECT MATTER JURISDICTION RE: APPARENT JURISDICTIONAL DEFECT. by Petr. Leroy Muncy (C/S 03/31/14) | ORD  04/03/2014 | | |
| 0023 | 04/02/2014 | M087 | MOTION TO QUASH OR MODIFY SUBPOENA by Resp. (OBJECTION) | ORD  04/04/2014 | P   04/02/2014 | |
| 0024 | 04/02/2014 | M087 | MOTION TO QUASH OR MODIFY SUBPOENA by Resp. (OBJECTION) | ORD  04/04/2014 | P   04/02/2014 | |
| 0025 | 04/03/2014 | O | ORDER PETR. MOTION FOR DETERMINATION OF THE EXISTENCE OF SUBJECT MATTER JURISDICTION IS DENIED. | | B   04/04/2014 | |
| 0026 | 04/04/2014 | O | ORDER RESP. MOTION TO QUASH OR MODIFY SUBPOENA IS GRANTED AS IT PERTAINS TO JANET A. MILLER. RESP. MOTION TO QUASH OR MODIFY SUBPOENA IS GRANTED AS IT PERTAINS TO KIMBERYL R. JOHNSON. | | B   04/04/2014 | |
| 0027 | 04/07/2014 | TRL | TRIAL BEFORE JUDGE NEGA AT LITTLE ROCK, AR .  NO BRIEFS DUE.  SUBMITTED TO JUDGE NEGA. | SUB  04/07/2014 | | |
| 0028 | 05/07/2014 | M115 | MOTION FOR LEAVE TO FILE FIRST AMENDMENT TO ANSWER by Resp. (OBJECTION) | ORD  06/13/2014 | P   05/07/2014 | |
| 0029 | 05/07/2014 | MISL | FIRST AMENDMENT TO ANSWER by Resp. (ELODGED) | | P   05/07/2014 | |
| 0030 | 05/09/2014 | O | ORDER PETR. BY 5/30/14 SERVE ON RESP. AND FILE A WRITTEN RESPONSE TO RESP. MOTION FOR LEAVE TO FILE FIRST AMENDMENT TO ANSWER FILED ON 5/7/14. | | B   05/09/2014 | |
| 0031 | 05/21/2014 | TRAN | TRANSCRIPT OF 4/7/14 RECEIVED (TRIAL) | | | |
| 0032 | 06/02/2014 | RSP | RESPONSE TO MOTION FOR LEAVE TO FILE FIRST AMENDMENT TO ANSWER by Petr. Leroy Muncy (C/S 05/30/14) | | R   06/04/2014 | |
| 0033 | 06/11/2014 | M115 | MOTION FOR LEAVE TO FILE REPLY TO AMENDMENT TO ANSWER by Petr. Leroy Muncy (C/S 06/05/14) | ORD  06/13/2014 | R   06/12/2014 | |

Appellate Case: 15-1626    Page: 34    Date Filed: 03/26/2015 Entry ID: 4258702

| | NO. | DATE | EVENT | FILINGS AND PROCEEDINGS | ACT/STAT DTE | | SERVED | M |
|---|------|------|-------|--------------------------|--------------|---|--------|---|
| 📄 | 0034 | 06/13/2014 | O | ORDER RESP. MOTION FOR LEAVE TO FILE FIRST AMENDMENT TO ANSWER IS GRANTED, AND THE AMENDMENT TO ANSWER LODGED 5/7/14 IS FILED AS OF THE DATE OF THIS ORDER. PETR. MOTION FOR LEAVE TO FILE REPLY TO AMENDMENT TO ANSWER FILED 6/11/14 IS IN THAT PETR. FILE A REPLY TO RESP. FIRST AMENDMENT TO ANSWER BY 7/14/14. | | B | 06/13/2014 | |
| 🌐 | 0035 | 06/13/2014 | ATAN | FIRST AMENDMENT TO ANSWER by Resp. | | P | 06/13/2014 | |
| 📄 | 0036 | 07/18/2014 | REPL | REPLY TO FIRST AMENDMENT TO ANSWER by Petr. Leroy Muncy (C/S 07/14/14) P.M.T | | C | 07/22/2014 | |
| 📄 | 0037 | 08/05/2014 | O | ORDER PARTIES BY 9/3/14 FILE REPORTS. | | B | 08/06/2014 | |
| 🌐 | 0038 | 09/02/2014 | RTP | REPORT by Resp. (EXHIBIT) | | P | 09/02/2014 | |
| 🌐 | 0039 | 09/02/2014 | M026 | MOTION FOR PROTECTIVE ORDER PURSUANT TO RULE 103 by Resp. (EXHIBIT) (OBJECTION) | ORD  09/04/2014 | P | 09/02/2014 | |
| 📄 | 0040 | 09/04/2014 | O | ORDER RESP. MOTION FOR PROTECTIVE ORDER FILED 9-2-14 IS GRANTED. | | B | 09/04/2014 | |
| 📄 | 0041 | 09/04/2014 | RTP | REPORT by Petr. Leroy Muncy (C/S 09/03/14) | | R | 09/05/2014 | |
| 📄 | 0042 | 12/15/2014 | MOP | MEMORANDUM OPINION, JUDGE NEGA   T. C. MEMO. 2014-251  (AN APPROPRIATE DECISION WILL BE ENTERED). | | B | 12/15/2014 | |
| 📄 | 0043 | 12/17/2014 | DEC | DECISION ENTERED, JUDGE NEGA | | B | 12/17/2014 | |
| | | | | A P P E L L A T E   P R O C E E D I N G S | | | | |
| 📄 | 0044 | 03/18/2015 | NOAP | NOTICE OF APPEAL BY PETR(S). TO U.S.C.A. 8TH CIR. (FEE PD.) (C/S 03/13/15) | | B | 03/19/2015 | |
| 📄 | 0045 | 03/19/2015 | NOFC | NOTICE OF FILING W/ COPY OF NOT. OF APP. SENT TO THE PARTIES. | | B | 03/19/2015 | |

Appellate Case: 15-1626    Page: 35    Date Filed: 03/26/2015 Entry ID: 4258702