FILED
MICHAEL E. GANS
CLERK OF COURT

**Appellate Case No. 15-1626**

Tax Ct. No. 27807-11

IN THE UNITED STATES COURT OF APPEALS

FOR THE EIGHTH CIRCUIT

LEROY MUNCY,

Appellant

v.

COMMISSIONER OF INTERNAL REVENUE,

Appellee

APPEAL OF JUDGMENT IN THE UNITED STATES TAX COURT

OPENING BRIEF FOR THE APPELLANT

Leroy Muncy, *pro se*
P. O. Box 11334
Russellville, Arkansas 72812

# TABLE OF CONTENTS

| | | |
|---|---|---|
| Table of Contents and Table of Authorities | | i-ii |
| Statement on Oral Arguments and Publication | | ii |
| I. | Statement of Subject Matter Jurisdiction | 1 |
| II. | Issue Presented for Review | 1-2 |
| III. | Statement of the Case and Facts | 2 |
| V. | Summary of the Argument | 3-5 |
| VI. | Argument | 5-11 |
| VII. | Conclusion | 11 |

**Table of Authorities:** **page #**

**A. United States Code:**

Title 26 U.S.C. § 6213 ........ passim

Title 28 U.S.C. § 7482 ........ 1

**B. Court Opinions:**

Cooper v. Commissioner, T.C. Memo. 2006-241 ........ 8

Crain v. Commissioner, 737 F.2d at 1417 ........ 9

Kozack v. Commissioner, T.C. Memo. 2005-246 ........ 7, 9

Roye v. Commissioner, T.C. Memo. 2012-246 ........ 7, 9

Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992) ........ 5

Wnuck v. Commissioner, 136 T.C. 498 ........ 7-9

Yazzi v. Commissioner, T.C. Memo. 2004-233 .................................. 6-7

**C. Other authorities:**

Delegation Order 4-8 .................................................................. 3, 8

Delegation Order 77 .................................................................. 3

Federal Rules of Appellate Procedure Rule 13(a) .............................. 1

Federal Rules of Civil Procedure Rule 26 et seq ................................ 4

Federal Rules of Civil Procedure Rule 56 ........................................ 4

Internal Revenue Manual 1.11.4 .................................................. 3

IRS Restructuring and Reform Act of 1998 ...................................... 3

**Statement on Oral Arguments:**

Appellant does not believe oral arguments shall be required.

# I. STATEMENT OF SUBJECT MATTER JURISDICTION:

## A. JURISDICTION OF THE UNITED STATES TAX COURT:

The United States Tax Court assumed jurisdiction pursuant to the provisions of Title 26 U.S.C. § 6213.

## B. JURISDICTION OF THE UNITED STATES COURT OF APPEALS FOR THE 8th CIRCUIT:

This Court has jurisdiction pursuant to the provisions of 28 U.S.C. § 7482.

## C. JUDGMENT APPEALED FROM

This appeal is taken from a Tax Court DECISION entered December 17, 2014. Judge Joseph W. Nega presiding. A "MEMORANDUM FINDING OF FACT AND OPINION" was entered December 15, 2014. See, Appendix Ex.1, pp. 1-27.

## D. NOTICE OF APPEAL

The Notice of Appeal was timely filed on March 19, 2015 (Dkt. 44). See Appendix Ex. 2, pgs. 28-29. Rule 13(a) of the Federal Rules of Appellate procedure provide for 90 days within which to file a Notice of Appeal.

# II. ISSUE PRESENTED FOR REVIEW:

*Did the Tax Court err when it determined it had subject matter jurisdiction under Title 26 U.S.C. § 6213 where there existed no*

*statutory Notice of Deficiency that comported with the minimum requirements of law?*

The Tax Court implicitly presumed that if a Notice of Deficiency is made and sent by any IRS employee, it is nonetheless valid for all intents and purposes; and to argue otherwise is "frivolous."

## III.   STATEMENT OF THE CASE AND FACTS:

This action initially arose as the result of a purported statutory Notices of Deficiency sent by the Internal Revenue Service. Said "Notice[s] of Deficiency" was dated September 7, 2011. See Appendix Ex. 3, pp. 30-32.

Appellant-Petitioner Leroy Muncy ("Muncy") thereafter timely filed his Petition with the United States Tax Court on December 5, 2011. See Appendix Ex. 4, pp. 33-35. Tax Court ordinarily has the jurisdiction to hear matters involving contested "Notice[s] of Deficiency" under Title 26 U.S.C. § 6213.

When Muncy attempted to obtain the official job titles, authority and positions of the maker of the purported notice of deficiency, Respondent failed to comply. Muncy thereafter filed his Petitioner's Motion to Compel Discovery which Respondent objected to; and Respondent also filed for a Protective Order. Petitioner's Motion to Compel was denied, and the Respondent's Motion for Protective Order was granted.

The Tax Court's decision was made even through Respondent never filed a Motion to Dismiss or a Motion for Summary Judgment.

## IV. SUMMARY OF THE ARGUMENT:

The gravamen of this case is very simple. The Tax Court never denied summary judgment or its equivalent may *only* be had where there exist no genuine uncontested issues of material fact. However, the courts *also* recognize that without a statutory notice of deficiency, no assessment may be made, hence no collection activities may take place. As such, since Muncy argued no statutory notice(s) of deficiency existed, and Respondent argued otherwise, there did indeed exist a contested genuine issue of material fact which the Court itself never substantially addressed.

The Secretary of Treasury is authorized to make delegation orders as he finds needful. Among the delegation orders the Secretary has made, is Delegation Order 4-8 made effective in 2004, which identifies those IRS employees having the authority to make and send statutory notices of deficiency. Delegation Order 4-8 identifies the position (title) and function of such IRS employees. Its predecessor, Delegation Order 77, also identified such authorized persons by office and function. When the IRS Restructuring and Reform Act of 1998 essentially changed from regionally organized offices to larger offices based on function, Internal Revenue Manual 1.11.4 was modified accordingly and states in part:

Appellate Case: 15-1626 Page: 6 Date Filed: 06/11/2015 Entry ID: 4284610

**1.11.4.1 (04-17-2014)**
**Overview of Delegations of Authority**

1. This section defines delegations of authority, describes the objectives thereof, the types of documents that are used to delegate authority, and their impact on the Service. It also describes how to prepare, clear, and issue delegation orders. It contains information on how to redelegate the Commissioner's authority by issuing Division Function Delegation Orders; when to issue them; and how to number them.

Neither the Respondent-Appellee nor the Tax Court considered the effect of these provisions of law with implementing regulations, delegation orders, and Internal Revenue Manual, so as to truly resolve this genuine contested genuine issue of material fact in keeping with FRCP Rule 56. This results in a denial of due process because where the maker and sender of a statutory notice of deficiency has no authority to do so, a remedy at law is denied. Title 26 U.S.C. § 6213,[1] provides (in cases such as these) the exclusively remedy at law where a taxpayer may contest the amount and existence of a deficiency at least once, administratively, previous to resort to collection and refund suit remedies.

Muncy comes now to this Court for a reversal and remand of the Tax Court's Decision with Memorandum Opinion (hereinafter, "Memorandum"), so that the Tax Court can properly resolve said genuine contested issues of material fact in keeping with Rules 56 and 26 et seq.; determine if IRS employee "Janet Miller" had the authority in 2011 to make deficiencies and send notice thereof; and modify its decision in keeping with what the law provides for. If Muncy prevailed in this case, all the IRS would have to do

---

[1] Title 26 U.S.C. shall hereinafter be referred to as "IRC".

to make a valid assessment is correct its error by having a person with the *proper* delegation of authority make and send the purported deficiencies. This is all Muncy asks for, nothing more, nothing less.

## V.    Argument:

### A.    Summary judgment standard.

While the Tax Court did not substantially set forth the minimum requirements the summary judgment standard – indeed, the Respondent never filed a motion for summary judgment – it is a given that a party moving for predispositive motion bears the burden of demonstrating that no genuine issue of material fact exists; and that he or she is entitled to judgment as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992). The Tax Court concluded that no genuine issues of material fact existed and that Respondent was entitled to a judgment or its equivalent as a matter of law.

However, there *did* exist contested issues of genuine material fact which should have resulted in denial of a final decision in favor of Respondent and against Petitioner. Indeed, the most significant genuine contested material fact was the lack of qualifications of IRS employee "Janet Miller" who made and sent the purported statutory notices of deficiency to Muncy. The Respondent/IRS refused to comply with Muncy's discovery

requests and the Court even issued a protective order preventing discovery, thus denying resolution of this genuine contested issue of material fact. This inevitably resulted in the Court's Memorandum turning this *contested* material fact into a presumption favorable to Respondent - Appellee.

**B. Our courts recognize that without a statutory notice of deficiency, no assessment may be made.**

If the purported notices of deficiency were invalid, then, as Muncy pointed out, under section 6213(a), Respondent could not have lawfully assessed the tax the IRS now seeks to collect for any of the calendar years in question. See *Yazzi v. Commissioner*, T.C. Memo. 2004-233.

The *Yazzi* Court held:

> *Petitioner filed a Federal income tax return for the 1999 taxable year reporting zero liability. Respondent issued to petitioner a statutory notice of deficiency for 1999 on January 18, 2002.* * * * *The issues raised by the taxpayer had no merit. She acknowledged that she received the Statutory Notice of Deficiency and stated why she didn't pursue her Tax Court rights then. She didn't raise any specific defect with the assessment process. She didn't want to discuss collection alternatives unless her liability was proven to her.*

While the *Yazzi* court dealt with this issue in the Collection Due Process Hearing context (IRC § 6330), we do know there were distinctive differences between *Yazzi* and Muncy's case: Muncy never acknowledged receipt of a *statutory* notice of deficiency, in that what Muncy did allegedly receive was no statutory notice of deficiency at all, due to at least the one

fatal defect discussed above. And, unlike Ms. Yazzi, Muncy did raise "specific defects" with the assessment process, within the context of tax court remedy found in IRC § 6213. These are important distinctions. As such, Muncy has shown that the alleged notices of deficiency were invalid in Petitioner's Motion for Summary judgment and elsewhere.

### C. The Tax Court Memorandum makes sweeping conclusions that numerous court opinions have rejected Muncy's arguments, when in fact, Muncy's arguments remain matters of first impression.

The Memorandum of Judge Joseph Nega at page 8 (see Appendix Ex. 1, p. 9) states in pertinent part:

> *"Petitioner contends that respondent's deficiency determinations for tax years 2000 through 2005 are 'null and void' because the notice of deficiency was not 'issued and sent by a duly authorized delegate of the secretary.'" * * * "Petitioner's argument regarding the authority of the IRS employees is similar to those we have previously held to be without merit. In numerous opinions, we have determined that arguments questioning the authority of IRS employees to sign and issue documents are frivolous."*

Judge Nega then goes on to cite four cases: (1) *Roye v. Commissioner,* T.C. Memo. 2012-246; (2) *Cooper v. Commissioner*, T.C. Memo. 2006-241; (3) *Kozack v. Commissioner*, T.C. Memo. 2005-246; and, (4) *Wnuck v. Commissioner*, 136 T.C. 498. Review of these cases will show that they not only fail to support this hypothesis, but are even inapposite.

In *Roye v. Commissioner*, T.C. Memo. 2012-246, the Tax Court stated:

> "*The issues for decision for 2003 and 2004 (years in issue) are whether petitioner: (1) underreported his income, (2) is liable for additions to tax for failures to (A) pay tax timely and (B) pay estimated income tax, and (3) is liable for an addition to tax for fraudulent failure to file or, alternatively, for nonfraudulent failure to file.*"

Roye primarily dealt with the propriety of methods of extrapolations of financial data so as to theorize as to a correct amount of taxes that were allegedly owed by Roye, a person that had a pool maintenance service. Yet clearly, the Roye court never addressed the question of whether IRS employee "Janet Miller", the IRS employee that made and sent the alleged statutory notices of deficiency to both Roye and Muncy, ever had the authority to make and send such notices in the first instance. Therefore, for the purposes of this case, the Roye case is inapposite to Judge Nega's position. It does not enhance the arguments of Respondent in any way, either, since the Roye court made the same error.

Yet, like it or not, we see from the Secretary's Delegation Order 4-8 – which Respondent kindly provided – that Ms. Miller never had any such authority. Not only do the records in evidence fail to show that Ms. Miller ever had any such authority *ab initio*; the ultimate proof was that the Respondent/IRS refuses to provide evidence that Ms. Miller had such

Appellate Case: 15-1626 Page: 11 Date Filed: 06/11/2015 Entry ID: 4284610

authority. If evidence of such were to enhance the IRS' position, it seems likely the Respondent would have been happy to provide it, since it is easily retrieved.

The Tax Court also cited *Kozack v. Commissioner*, T.C. Memo. 2005-246 and *Wnuck v. Commissioner*, 136 T.C. 498. However, neither of those cases squarely dealt at all with the issues at hand. Regarding Kozack, the Court considered whether people had a right to a face-to-face meeting when having an IRC § 6330 Collection Due Process Hearing, and merely concluded:

> *"His arguments about respondent's assessment procedures are frivolous. We conclude that it is not necessary and would not be productive to remand the case to the Appeals Office to hold a face-to-face hearing. Thus, respondent may proceed with a levy with respect to petitioner's 2000 tax year."*

The Tax Court cited *Wnuck v. Commissioner*, 136 T.C. 498, apparently to drive home the point that it disfavors "frivolous" arguments stating in pertinent part:

> *I. Why we usually decline to refute frivolous anti-tax arguments.*
> *The reasons that courts decline "to refute these [frivolous] arguments with somber reasoning and copious citation of precedent", Crain v. Commissioner, 737 F.2d at 1417, include the following....*

The Wnuck Court then goes on to cite in some detail, its reasons for declining to spend much time on arguments it deems frivolous. But the

Appellate Case: 15-1626 Page: 12 Date Filed: 06/11/2015 Entry ID: 4284610

Crane court analysis sums up this position, as stated by Judge Nega, on page 9 of his Memorandum (see Appendix Ex. 1, p. 10),

> "*We perceive no need to refute * * * [petitioner's] arguments with somber reasoning and copious citation of precedent; to do so might suggest that * * * [his] arguments have some colorable merit.*"

As such, the underpinnings of Judge Nega's Memorandum relies upon dicta to make it excusable to just dismiss Muncy's arguments as "frivolous" without any meaningful examination of this matter of first impression.

This kind of blanket rational calls to mind cases challenging the rights of Blacks. Such cases were also probably dismissed as frivolous previous to 1860 because arguing that Blacks were just as human as other races of people, that Blacks were given by the Creator certain inalienable rights, such as the right to life and all that is corollary to that right. But the courts eventually decided such arguments were colorable, had merit, and the doctrine that they were too frivolous to analyze or decide with "somber reasoning and copious citation of precedent" was suddenly inapplicable. Even the U. S. Supreme Court changed its mind. Slaves were very expensive, and the institution involved a lot of money that made its disestablishment greatly resisted. The same is true to some extent, in that assessments that arise from defective deficiency procedures involves a lot of money, hence the great resistance by the IRS to allow a somber analysis of

the matter. Yet the fact remains, the IRS even fails to change its policy to this day, even through to do so would be a small matter.

As such, the issue of the necessity of a proper delegation of authority to make and send statutory notices of deficiency remains a case of first impression; and to state that this issue has been considered many times, or that it is too frivolous to consider – even repeatedly – does not make it so.

## VI. Conclusion:

Wherefore, Appellant prays that this Court:

1. FIND that the Tax Court erred when it determined there existed no genuine contested issues of material fact;
2. FIND that the Tax Court erred when it decided this case in favor of the IRS and against Petitioner in the absence of a predispositive motion, such as a Motion for Summary Judgment filed by Respondent;
3. FIND that this case was therefore not ripe for summary judgment or other predispositive decision and order; and,
4. REVERSE AND REMAND this case back to the United States Tax Court for further proceedings, so that it may make a decision in keeping with the ORDERS of this Court.

Appellate Case: 15-1626 Page: 14 Date Filed: 06/11/2015 Entry ID: 4284610

Respectfully submitted this 10th day of May, 2015.

Leroy Muncy

Leroy Muncy
P. O. Box 11334
Russellville, Arkansas 72812

**Certificate of Compliance with Type-volume Limitation, Typeface Requirements, and Type Style Requirements**

1. This reply brief complies with the type-volume limitations of Fed. R. App. P. 32(a) (7) because this brief contains 2,399 words, excluding the parts of the brief exempted by Fed. R. App. P. 32 (a) (7) (B) (iii)

2. This brief complies with the typeface requirements of Fed. R. App. P. 32 (a) (5) and the type style requirements of Fed. R. App. P. 32 (a) (6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word for Windows in 14 point Times New Roman.

Respectfully submitted this 10th day of May, 2015.

Leroy Muncy

Leroy Muncy
P. O. Box 11334
Russellville, Arkansas 72812

**CERTIFICATE OF SERVICE**

I, Leroy Muncy, who is over the age of 21, do hereby certify that one copy of the above brief, along with a copy of the Appendix, were mailed to the Clerk of the United States Court of Appeals for the 8th Circuit by Federal Express Mail on this 10th day of May, 2015; and that service of this brief with said appendix was also made on the attorney for the Appellee, this 10th day of May, 2015, by First Class mail in an envelope, properly addressed to him with correct postage affixed, as follows:

Curtis C. Pett, Attorney
U. S Dept of Justice
Tax Division, Appellate Section
P. O. Box 502
Washington, DC 20044

Leroy Muncy
P. O. Box 11334
Russellville, Arkansas 72812