# No. 15-1626

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

LEROY MUNCY,

Petitioner-Appellant

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee

ON APPEAL FROM THE DECISION OF
THE UNITED STATES TAX COURT

BRIEF FOR THE APPELLEE

CAROLINE D. CIRAOLO
  *Acting Assistant Attorney General*

BRUCE R. ELLISEN          (202) 514-2929
CURTIS C. PETT            (202) 514-1937
  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*

## SUMMARY OF THE CASE AND
## WAIVER OF ORAL ARGUMENT

Leroy Muncy (taxpayer) brought this suit in the Tax Court challenging a notice of deficiency issued to him by the Commissioner of Internal Revenue. Taxpayer's only argument on appeal is that the notice of deficiency was procedurally invalid because the Commissioner did not provide him with satisfactory evidence that it was signed by an IRS employee with properly delegated authority. The Tax Court correctly rejected this argument as frivolous.

Taxpayer has waived any arguments regarding the merits of the Tax Court's decision by failing to raise them in his opening brief on appeal. In any event, the Tax Court's decision is correct in all respects.

The appellant, appearing *pro se*, has waived oral argument. Oral argument is not required because the facts and applicable law are clear and adequately set forth in our brief.

- i -

# TABLE OF CONTENTS

**Page**

Summary of the case and waiver of oral argument ................................i

Table of contents ........................................................................ ii

Table of authorities ..................................................................... iii

Jurisdictional statement ................................................................1

Statement of the issue..................................................................2

Statement of the case ...................................................................2

    1.   Statement of the facts ...........................................3

    2.   Taxpayer's conviction of tax evasion for 2004 .........4

    3.   The audit and notice of deficiency ..........................5

    4.   The Tax Court proceedings.....................................7

    5.   The Tax Court's decision .......................................8

Summary of argument ................................................................11

Argument:

    The Tax Court correctly rejected taxpayer's challenge
    to the validity of the notice of deficiency ........................12

    Standard of review .......................................................12

    A.   The Tax Court correctly rejected, as frivolous,
       taxpayer's assertion that the notice of deficiency
       was not signed by an IRS employee with properly
       delegated authority ..............................................12

    B.   Taxpayer has waived any argument regarding the
       merits of the Tax Court's decision and, in any event,
       the decision is correct ...........................................16

Conclusion ...............................................................................24

Certificate of compliance............................................................25

Certificate of service..................................................................26

Appellate Case: 15-1626    Page: 3    Date Filed: 08/12/2015    Entry ID: 4305230

# TABLE OF AUTHORITIES

**Cases:** **Page(s)**

*Blohm v. Commissioner*, 994 F.2d 1542 (11th Cir. 1993)..............22

*Brinkmann v. Dallas County Deputy Sheriff*,
    813 F.2d 744 (5th Cir. 1987) ...................................16

*Cabirac v. Commissioner*, 120 T.C. 163 (2003)..............................23

*Clayton v. Commissioner*, 102 T.C. 632 (1994)..............................21

*Estate of Korby v. Commissioner*, 471 F.3d 848
    (8th Cir. 2006) ......................................................12

*Everman v. Commissioner*, T.C. Memo. 2003-137,
    2003 WL 21145797 (2003)....................................14

*Geiselman v. United States*, 961 F.2d 1 (1st Cir. 1992)................13

*Green v. Commissioner*, T.C. Memo. 2007-262,
    2007 WL 2783107 (2007)......................................14

*Helvering v. Mitchell*, 303 U.S. 391 (1938) ...................................19

*Hughes v. United States*, 953 F.2d 531 (9th Cir. 1992) ................13

*In re Carlson*, 126 F.3d 915 (7th Cir. 1997)..................................15

*Jenkins v. Winter*, 540 F.3d 742 (8th Cir. 2008)............................16

*Long v. Commissioner*, 757 F.2d 957 (8th Cir. 1985) ...................16

*Lonsdale v. United States*, 919 F.2d 1440
    (10th Cir. 1990) ....................................................14

*Morse v. Commissioner*, 419 F.3d 829
    (8th Cir. 2005) ..................................... 2, 18, 19, 20

*Nagle v. Alspach*, 8 F.3d 141 (3d Cir. 1993) ................................16

*Nestor v. Commissioner*, 118 T.C. 162 (2002)..............................14

*Pendola v. Commissioner*, 50 T.C. 509 (1968) ..............................13

*Roye v. Commissioner*, T.C. Memo. 2012-246,
    2012 WL 3656345 (2012)......................................14

*Scar v. Commissioner*, 814 F.2d 1363 (9th Cir. 1987)...................13

*Scherping v. Commissioner*, 747 F.2d 478 (8th Cir. 1984)............16

*Selgas v. Commissioner*, 475 F.3d 697 (5th Cir. 2007)........ 2, 13, 15

*Tavano v. Commissioner*, 986 F.2d 1389 (11th Cir. 1993) ............13

*United States v. Helmsley*, 941 F.2d 71 (2d Cir. 1991)..................20

*United States v. Stanko*, 491 F.3d 408 (8th Cir. 2007).................16

*United States v. Tucker*, 217 F.3d 960 (8th Cir. 2000) .................20

*Urban v. Commissioner*, 964 F.2d 888 (9th Cir. 1992)..................13

*Zack v. Commissioner*, 291 F.3d 407 (6th Cir. 2002) ...................22

Appellate Case: 15-1626   Page: 4   Date Filed: 08/12/2015 Entry ID: 4305230

**Statutes:** Page(s)

26 U.S.C.:

§ 6020........................................................................5, 22
§ 6201........................................................... 2, 5, 7, 9, 20
§ 6211......................................................................9, 19
§ 6212....................................................................15, 20
§ 6213............................................... 1, 2, 7, 9, 19, 20
§ 6651................................................. 5, 6, 21, 22, 23
§ 6653..........................................................................21
§ 6654.....................................................................6, 23
§ 6663..........................................................................21
§ 6673..........................................................................10
§ 7201.....................................................................4, 22
§ 7442............................................................................1
§ 7482............................................................................2
§ 7483............................................................................2
§ 7502............................................................................2
§ 7701..........................................................................15

## Miscellaneous:

Chief Counsel Notice CC-2013-012, 2013 WL 4041879 ...............20
Delegation Order 4-8, I.R.M. Abr. & Ann. § 1.2.43.2
    (February 10, 2004)............................................................15
Fed. R. App. P. 13...........................................................................2
H.R. Rep. No. 101-247 (1989), *reprinted in* 1989 U.S.C.C.A.N.
    1906 ..................................................................................21
Staff of the Joint Committee on Taxation, *General*
    *Explanation of Tax Legislation Enacted in the*
    *111th Congress* (Comm. Print 2011)................................20, 21

**IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT**

———————————

**No. 15-1626**

**LEROY MUNCY,**

**Petitioner-Appellant**

**v.**

**COMMISSIONER OF INTERNAL REVENUE,**

**Respondent-Appellee**

———————————

**ON APPEAL FROM THE DECISION OF
THE UNITED STATES TAX COURT**

———————————

**BRIEF FOR THE APPELLEE**

———————————

## JURISDICTIONAL STATEMENT

On September 7, 2011, the Commissioner of Internal Revenue
(Commissioner) issued a notice of deficiency to Leroy Muncy (taxpayer),
asserting income tax deficiencies and penalties for his 2001-2005 tax
years. (Doc. 1, Ex. A.)[1] Taxpayer filed a timely Tax Court petition on

———————————

[1] "Doc." references are to the documents in the record on appeal
as numbered by the Clerk of the Tax Court. "Ex." references are to the
exhibits admitted at trial. "Ex. 4-R," the Declaration of Kellie J. Peck,
includes exhibits A-U.

December 5, 2011.  (Doc. 1.)  *See* I.R.C. §§ 6213(a), 7442 (26 U.S.C.).

The Tax Court entered its final decision on December 17, 2014.  (Doc.

43.)  On March 13, 2015, taxpayer timely mailed a notice of appeal.

(Doc. 44 at 3.)  *See* I.R.C. §§ 7483, 7502(a)(1); Fed. R. App. P. 13(a)(2).

This Court has jurisdiction under I.R.C. § 7482(a)(1).

## STATEMENT OF THE ISSUE

Whether the Tax Court correctly upheld the tax deficiencies and penalties asserted against taxpayer for his 2001-2005 tax years.

The most apposite authorities are:

I.R.C. § 6201

I.R.C. § 6213

*Morse v. Commissioner*, 419 F.3d 829 (8th Cir. 2005)

*Selgas v. Commissioner*, 475 F.3d 697 (5th Cir. 2007)

## STATEMENT OF THE CASE

Taxpayer brought this suit in the Tax Court under I.R.C. § 6213(a) contesting income tax deficiencies and penalties asserted against him by the Commissioner for his 2001-2005 tax years.  (Doc. 1.)  Following a trial (Doc. 31), the Tax Court entered a decision sustaining the deficiencies and sustaining the penalties in part (Docs. 42, 43).  Taxpayer now appeals.  (Doc. 44.)

- 2 -

### 1.    Statement of the facts

From 1978 through 2005 taxpayer worked as a wholesale tire salesman at Beacon Tire, Inc. (Beacon Tire).  (Exs. 4-R-A at 18, 4-R-B at 15, 4-R-C at 16, 4-R-D at 15, 4-R-E at 15, 4-R-F at 15; Doc. 31 at 22; Doc. 42 at 3.)  Taxpayer was treated as an employee of Beacon Tire until 1994, when he decided that his wages were not taxable income and discontinued filing tax returns.  (Exs. 4-R-A at 18, 4-R-B at 15, 4-R-C at 16, 4-R-D at 15, 4-R-E at 15, 4-R-F at 15; Doc. 31 at 23-24; Doc. 42 at 3.)  Taxpayer also took steps to avoid paying income taxes. He created an "employment agency" named Contract Select, Inc., which later became Accurate Consulting.  (Exs. 4-R-A at 18, 4-R-B at 15, 4-R-C at 16, 4-R-D at 15, 4-R-E at 15, 4-R-F at 15, 4-R-O, 4-R-P; Doc. 42 at 3.)  He became a "contactor" with the employment agency, and the employment agency entered into a contract with Beacon Tire with respect to taxpayer's employment.  (Exs. 4-R-A at 18, 4-R-B at 15, 4-R-C at 16, 4-R-D at 15, 4-R-E at 15, 4-R-F at 15, 4-R-O, 4-R-P; Doc. 42 at 3.)  The wages that Beacon Tire paid to taxpayer were channeled through the employment agency.  (Exs. 4-R-A at 7, 19, 4-R-B at 4, 16, 4-R-C at 4, 17, 4-R-D at 4, 16, 4-R-E at 4, 16, 4-R-F at 4, 16; Doc. 42

Appellate Case: 15-1626    Page: 8    Date Filed: 08/12/2015 Entry ID: 4305230

at 3.)  Taxpayer maintained complete control over the wage payments that were channeled to him through the employment agency.  (Exs. 4-R-A at 7, 19, 4-R-B at 4, 16, 4-R-C at 4, 17, 4-R-D at 4, 16, 4-R-E at 4, 16, 4-R-F at 4, 16; Doc. 42 at 4.)

## 2. Taxpayer's conviction of tax evasion for 2004

In 2010 taxpayer pleaded guilty to a charge of tax evasion under I.R.C. § 7201 for 2004.  (Exs. 4-R-R, 4-R-Q.)  His criminal plea agreement stated:  "Except to the extent otherwise expressly specified herein, this Agreement does not bar or compromise any civil or administrative claim pending or that may be made against the defendant, including but not limited to tax matters."  (Ex. 4-R-R at 6.) The plea agreement further stated:  "This Agreement is binding only upon the United States Attorney's Office for the Eastern District of Arkansas and the defendant.  It does not bind * * * any other federal, state or local prosecuting, administrative, or regulatory authority." (Ex. 4-R-R at 7.)

Taxpayer was sentenced to three years' probation.  (Ex. 4-R-Q at 3.)  In addition, taxpayer was ordered to pay restitution to the United States in the following amounts:  $43,275 for 2003, $57,878

- 4 -

for 2004, and $52,587 for 2005.  (Ex. 3-P; Ex. 4-R-T.)  On September 30, 2013, the IRS made restitution-based assessments (*see* I.R.C. § 6201(a)(4)) in the amounts ordered by the district court.  (Doc. 38, Ex. A.)  Taxpayer made some restitution payments, but a balance due remained as of September 2014.  (Doc. 38, Ex. A.)

### 3.    The audit and notice of deficiency

The Commissioner audited taxpayer's civil tax liabilities for 2000-2005.  (Ex. 4-R-A, B, C, D, E, F.)  Based on invoices from taxpayer's "employment agencies" and canceled checks reflecting payments that taxpayer received from Beacon Tire, the Commissioner determined that taxpayer received the following amounts of income in those years: $192,116 in 2000, $178,209 in 2001, $174,486 in 2002, $195,023 in 2003, $226,100 in 2004, and $213,544 in 2005.  (Exs. 4-R-A at 2, 4, 7-13, 4-R-B at 2, 4-10, 4-R-C at 2, 4-10, 4-R-D at 2, 4-10, 4-R-E at 2, 4-10, 4-R-F at 2, 4-10, 4-R-H at 1-22, 4-R-I at 1-22, 4-R-J at 1-18, 4-R-K at 1-25, 4-R-L at 1-24, 4-R-M at 1-22, 4-R-N at 1-6.)

The Commissioner prepared substitute returns pursuant to I.R.C. § 6020(b) for those years, reflecting the following tax liabilities, fraudulent-failure-to-file penalties (I.R.C. § 6651(f)), failure-to-pay

penalties (I.R.C. § 6651(a)(2)), and failure-to-pay-estimated-tax

penalties (I.R.C. § 6654) (Ex. 4-R-A at 2-5, 4-R-B at 2-5, 4-R-C at 2-5,

4-R-D at 2-5, 4-R-E at 2-5, 4-E-F at 2-5):

| | 2000 | 2001 | 2002 | 2003 | 2004 | 2005 |
|---|---|---|---|---|---|---|
| Tax | $60,957 | $54,215 | $51,216 | $54,199 | $64,759 | $60,022 |
| § 6651(f) | 44,194 | 39,306 | 37,132 | 39,294 | 46,950 | 43,516 |
| § 6651(a)(2) | 15,239 | 13,554 | 12,804 | 13,550 | 16,190 | 15,006 |
| § 6654 | 3,279 | 2,167 | 1,711 | 1,398 | 1,856 | 2,408 |

The Commissioner issued a notice of deficiency to taxpayer

asserting deficiencies, reduced by the restitution amounts, and

penalties as follows (Doc. 1, Ex. A at 1-2, 9-12):

| | 2000 | 2001 | 2002 | 2003 | 2004 | 2005 |
|---|---|---|---|---|---|---|
| Total Deficiency | $60,957 | $53,915 | $51,216 | $54,199 | $64,759 | $60,022 |
| Restitution | | | | (43,275) | (57,878) | (52,587) |
| Deficiency Asserted | 60,957 | 53,915 | 51,216 | 10,924 | 6,881 | 7,435 |
| § 6651(f) | 44,194 | 39,088 | 37,132 | 39,294 | 46,950 | 43,516 |
| § 6651(a)(2) | 15,239 | 13,479 | 12,804 | 13,550 | 16,190 | 15,006 |
| § 6654 | 3,279 | 2,155 | 1,711 | 1,398 | 1,856 | 2,408 |

Appellate Case: 15-1626   Page: 11   Date Filed: 08/12/2015 Entry ID: 4305230

### 4. The Tax Court proceedings

Taxpayer petitioned the Tax Court for redetermination of the deficiencies and penalties. (Doc. 1.) Taxpayer asserted in his petition that "[t]he Notices [sic] of Deficiency was not issued and sent by a duly authorized delegate of the Secretary, and, as such, is null and void." (Doc. 1 at 1.) Taxpayer further asserted that the IRS was collaterally estopped from asserting deficiencies against him for 2003-2005 because the district court ordered restitution for those years in his criminal case. (Doc. 1 at 1.) In addition, taxpayer asserted that the penalties asserted against him were barred by the Double Jeopardy Clause of the Fifth Amendment. (Doc. 1 at 2.)

Following a trial (Doc. 31), the Commissioner filed an amended answer (Doc. 35). The Commissioner stated that the amounts of the deficiencies should not be reduced by the amounts of restitution. (Doc. 35 at 2-3.) The Commissioner asserted that criminal restitution and civil tax liabilities are separate and distinct, that I.R.C. § 6201(a)(4)(A) requires the IRS to assess and collect restitution "as if" such amount were a tax, and that I.R.C. § 6213(b)(5) provides that such a restitution-based assessment is not subject to the deficiency procedures. (Doc. 35

- 7 -

at 2-3.)  The Commissioner thus sought deficiencies and penalties in the following amounts (Doc. 42 at 2):

|  | 2000 | 2001 | 2002 | 2003 | 2004 | 2005 |
|---|---|---|---|---|---|---|
| Deficiency | $60,957 | $53,915 | $51,216 | $54,199 | $64,759 | $60,022 |
| § 6651(f) | 44,194 | 39,088 | 37,132 | 39,294 | 46,950 | 43,516 |
| § 6651(a)(2) | 15,239 | 13,479 | 12,804 | 13,550 | 16,190 | 15,006 |
| § 6654 | 3,279 | 2,155 | 1,711 | 1,398 | 1,856 | 2,408 |

### 5.    The Tax Court's decision

Following a trial (Doc. 31), the Tax Court issued an opinion sustaining the deficiencies and penalties asserted in the notice of deficiency and the Commissioner's amended answer (Doc. 42).  The Tax Court rejected, as frivolous, taxpayer's central assertion that the notice of deficiency was invalid because the Commissioner failed to establish that it was signed by an IRS employee with delegated authority to do so.  (*Id.* at 8-9.)  The court also rejected taxpayer's assertion that the deficiencies were barred by *res judicata* or collateral estoppel, because the restitution order was not a final judgment on the merits of his tax liabilities.  (*Id.* at 9-10 & nn. 4, 5.)

- 8 -

The court agreed with the Commissioner that the amounts of the deficiencies for 2003-2005 should not be reduced by the amounts of restitution ordered for those years. (Doc. 42 at 10-18.) While I.R.C. § 6211(a) requires that a deficiency be reduced to reflect "amounts previously assessed * * * as a deficiency," the court reasoned, I.R.C. § 6213(b)(5) provides that the deficiency procedures do not apply to a restitution-based assessment under I.R.C. § 6201(a)(4). (Doc. 42 at 12.)

The court found clear and convincing evidence that taxpayer's failure to file was due to fraud (Doc. 42 at 21), and held, moreover, that taxpayer's conviction for tax evasion for 2004 collaterally estopped him from challenging the fraud penalty for that year (*id.* at 20-21). The court upheld the failure-to-pay penalties because taxpayer failed to pay the tax liability shown on the substitute returns, and he did not assert that the failure was due to reasonable cause. (Doc. 42 at 22.) The court sustained the failure-to-pay-estimated-tax penalties for 2001-2005 because the facts showed that taxpayer was required to pay estimated taxes, but failed to do so. (*Id.* at 22-25.) The court did not sustain the estimated-tax penalty for 2000, however, because the evidence did not

- 9 -

establish that taxpayer was required to pay estimated tax for that year. (Doc. 42 at 23-24.)

The court denied the Commissioner's request for sanctions against taxpayer under I.R.C. § 6673. (Doc. 42 at 25; *see* Doc. 31 at 6-7.) The court found that "the record supports such sanctions," but decided to issue a warning to taxpayer that it "expects that petitioner will not continue to make frivolous arguments in this or other Tax Court proceedings." (Doc. 42 at 25.)

Appellate Case: 15-1626    Page: 15    Date Filed: 08/12/2015 Entry ID: 4305230

# SUMMARY OF ARGUMENT

The Tax Court correctly rejected, as frivolous, taxpayer's assertion that the notice of deficiency was procedurally invalid because the Commissioner did not provide him with satisfactory evidence that it was signed by an IRS employee with properly delegated authority. The courts have held that a notice of deficiency does not need to be signed at all. It is valid if it informs the taxpayer that a deficiency of a certain amount has been determined. Moreover, the Tax Court correctly held that the IRS official who signed the notice of deficiency here was authorized to do so under internal IRS procedures.

Taxpayer does not address the merits of the Tax Court's decision in his opening brief on appeal. He has thereby waived any arguments in that regard. In any event, the Tax Court's decision is correct in all respects.

Appellate Case: 15-1626    Page: 16    Date Filed: 08/12/2015 Entry ID: 4305230

# ARGUMENT

## The Tax Court correctly rejected taxpayer's challenge to the validity of the notice of deficiency

### Standard of review

The Tax Court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed *de novo*. *Estate of Korby v. Commissioner*, 471 F.3d 848, 852 (8th Cir. 2006).

### A. The Tax Court correctly rejected, as frivolous, taxpayer's assertion that the notice of deficiency was not signed by an IRS employee with properly delegated authority

In his opening brief on appeal, taxpayer does not take issue with the Tax Court's findings that he is liable for the tax deficiencies, fraud penalties, and penalties for failure to pay the tax and estimated taxes. Instead, he argues only that the notice of deficiency was procedurally invalid because the Commissioner did not provide him with satisfactory evidence that it was signed by an employee with properly delegated authority. (Br. 3-11.) The Tax Court correctly rejected taxpayer's argument as frivolous. (Doc. 42 at 8-9.)

A notice of deficiency is valid if it informs the taxpayer that the IRS has determined that a deficiency exists and specifies the amount of the deficiency. *Selgas v. Commissioner*, 475 F.3d 697, 700

- 12 -

(5th Cir. 2007); *Geiselman v. United States*, 961 F.2d 1, 4-5 (1st Cir. 1992); *Scar v. Commissioner*, 814 F.2d 1363, 1367 (9th Cir. 1987). There is no statutory requirement that the notice of deficiency be signed. *Selgas*, 475 F.3d at 700; *Tavano v. Commissioner*, 986 F.2d 1389, 1390 (11th Cir. 1993) (per curiam); *Urban v. Commissioner*, 964 F.2d 888, 889 (9th Cir. 1992); *Pendola v. Commissioner*, 50 T.C. 509, 513-14 (1968). Since the notice of deficiency need not be signed at all, the identity and authority of the person who signed it anyway does not affect its validity. *See Selgas*, 475 F.3d at 700 ("The existence of a signature or the identity of any IRS official who provides one, is superfluous.").

In any event, the Tax Court correctly held that the IRS official who signed the notice of deficiency was authorized to do so under internal IRS procedures. (Doc. 42 at 8.) As the court correctly observed (Doc. 42 at 8), the courts have repeatedly recognized that IRS officials have delegated authority to enforce the tax laws. *See Hughes v. United States*, 953 F.2d 531, 536 (9th Cir. 1992) ("The delegation of authority down the chain of command, from the Secretary, to the Commissioner of Internal Revenue, to local IRS employees constitutes a valid delegation

- 13 -

by the Secretary to the Commissioner, and a redelegation by the Commissioner to the delegated officers and employees."); *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990) (recognizing frivolousness of argument that "employees of the Internal Revenue Service have no power or authority to administer the Internal Revenue laws * * * because of invalid or nonexistent delegations of authority"); *Nestor v. Commissioner*, 118 T.C. 162, 165-66 (2002) (rejecting argument that notices of deficiency were invalid because "the Director of the Service Center who prepared and issued them did not give petitioner a copy of the order delegating authority from the Secretary to her"); *Roye v. Commissioner*, T.C. Memo. 2012-246, 2012 WL 3656345, at *6 (2012) (summarily rejecting delegation-of-authority argument as having no "colorable merit"); *Green v. Commissioner*, T.C. Memo. 2007-262, 2007 WL 2783107, at *3 (2007) ("It is well settled that the Secretary *or his delegate* may issue notices of deficiency."); *Everman v. Commissioner*, T.C. Memo. 2003-137, 2003 WL 21145797, at *3 (2003) (same).

The notice of deficiency here was signed by "Janet A. Miller, Technical Services Territory Manager." (Doc. 1, Ex. A at 2.) I.R.C.

- 14 -

§ 6212(a) states that "[i]f the Secretary determines that there is a deficiency in respect of any tax imposed by subtitles A [income taxes] or B * * * he is authorized to send notice of such deficiency to the taxpayer * * *." The term "Secretary" means "the Secretary of the Treasury or his delegate." I.R.C. § 7701(a)(11)(B). The Secretary's "delegate" means any employee of the Treasury Department duly authorized by "one or more redelegations of authority." I.R.C. § 7701(a)(12)(A)(i). When the notice of deficiency here was issued in 2011, the Internal Revenue Manual provided that authority to issue notices of deficiency was delegated to, *inter alia*, "Territory Managers." Delegation Order 4-8, I.R.M. Abr. & Ann. § 1.2.43.2 (February 10, 2004) (current version at Delegation Order 4-8 (rev. 1), I.R.M. 1.2.43.9 (September 4, 2012)). As a "Territory Manager," Miller had delegated authority to issue the notice of deficiency.[2]

---

[2] Taxpayer's challenge fails for the additional reason that the provisions of the Internal Revenue Manual are directory, not mandatory, and they do not confer any rights upon taxpayers. *Selgas*, 475 F.3d at 699; *In re Carlson*, 126 F.3d 915, 922 (7th Cir. 1997).

Appellate Case: 15-1626    Page: 20    Date Filed: 08/12/2015 Entry ID: 4305230

**B.    Taxpayer has waived any argument regarding the merits of the Tax Court's decision and, in any event, the decision is correct**

In his opening brief on appeal, taxpayer does not directly address the Tax Court's findings that he is liable for the tax liabilities and penalties. By failing to do so, taxpayer has waived any argument in this regard. *See Jenkins v. Winter*, 540 F.3d 742, 751 (8th Cir. 2008); *United States v. Stanko*, 491 F.3d 408, 415 (8th Cir. 2007). The Tax Court's decision may be affirmed on that basis alone. *See Nagle v. Alspach*, 8 F.3d 141, 143 (3d Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff*, 813 F.2d 744, 748 (5th Cir. 1987). In any event, as discussed below, the Tax Court's decision is correct in all respects.

1. The Tax Court correctly upheld the tax liabilities asserted against taxpayer. (Doc. 42 at 11.) Taxpayer bore the burden of proving that the Commissioner's deficiency determinations were incorrect. *Long v. Commissioner*, 757 F.2d 957, 959 (8th Cir. 1985); *Scherping v. Commissioner*, 747 F.2d 478, 480 (8th Cir. 1984). In the notice of deficiency, the Commissioner reduced the amounts of the deficiencies for 2003-2005 by the amounts of restitution ordered by the district court in taxpayer's criminal tax case with respect to those years. Recognizing

- 16 -

that this reduction was an error, the Commissioner amended his answer to seek recovery of the full amount of the deficiencies, unreduced by the restitution. (Doc. 35.) The Commissioner bore the burden of proof with respect to the increased deficiencies. Tax Ct. R. 142(a).

The Tax Court correctly found that the deficiencies were amply supported by the evidence in the record. (Doc. 42 at 11.) The Commissioner introduced into evidence invoices that taxpayer's sham entities issued to his employer and canceled checks reflecting payments that he received, through the sham entities, from his employer. (Exs. 4-R-A at 7-13, 18-19, 4-R-B at 4-10, 4-R-C at 4-10, 16-17, 4-R-D at 4-10, 15-16, 4-R-E at 4-10, 15-16, 4-R-F at 4-10, 15-16, 4-R-H at 2-22, 4-R-I at 1-22, 4-R-J at 1-18, 4-R-K at 1-25, 4-R-L at 1-24, 4-R-M at 1-22, 4-R-N at 1-6.) The Tax Court correctly found that this evidence fully substantiated the amounts of the unreported income upon which the deficiencies were based. (Doc. 42 at 11.) For his part, taxpayer conceded that he received that income and did not assert that the income was not taxable. (Doc. 31 at 32-33, 37-38; Doc. 42 at 11.)

Appellate Case: 15-1626    Page: 22    Date Filed: 08/12/2015 Entry ID: 4305230

The Tax Court's finding that the deficiencies were amply substantiated is not clearly erroneous.

2. The Tax Court correctly rejected taxpayer's assertion that the deficiencies and fraud penalties for 2003-2005 were barred by *res judicata* or collateral estoppel. (Doc. 42 at 9-10, 18.) Under the doctrine of *res judicata* (or claim preclusion), a final judgment on the merits bars further claims by the parties or their privies based on the same cause of action, including all issues that were, or could have been, raised in the prior action. *Morse v. Commissioner*, 419 F.3d 829, 833-34 (8th Cir. 2005). The doctrine of collateral estoppel (or issue preclusion) applies where a cause of action raises issues previously resolved in a different cause of action. It bars relitigation of issues actually litigated and necessarily decided in the first action. *Id.* at 834.

As the Tax Court correctly held (Doc. 42 at 9-10), neither doctrine is applicable here. *Res judicata* does not apply because a criminal prosecution for tax evasion does not involve the same cause of action as a civil tax deficiency case. *Morse*, 419 F.3d at 834. Collateral estoppel does not apply because the amount of taxpayer's civil tax liabilities was not actually litigated and necessarily decided in his

- 18 -

criminal case. *Id.* ("the government does not surrender its right to seek civil fraud penalties by undertaking a criminal tax prosecution").

The Tax Court also correctly held that the fraud penalty was not barred by the Double Jeopardy Clause. (Doc. 42 at 18 n.9.) The Double Jeopardy Clause bars multiple criminal punishments for the same offense. *Morse*, 419 F.3d at 834-35. The fraud penalty is a remedial civil sanction, not a criminal punishment. As such, it is not barred by the Double Jeopardy Clause. *Helvering v. Mitchell*, 303 U.S. 391 (1938); *Morse*, 419 F.3d at 834-35.

3. The Tax Court correctly held that the amount of restitution ordered in a criminal tax case does not reduce the amount of a civil tax deficiency asserted for the same year. (Doc. 42 at 11-18.) I.R.C. § 6211(a) defines "deficiency" as the amount by which the tax imposed exceeds the sum of the amount shown by the taxpayer on his return plus amounts "previously assessed (or collected without assessment) as a deficiency." Thus, a deficiency must be reduced only by amounts previously assessed *as a deficiency*. I.R.C. § 6213(a) provides that a deficiency may not be assessed until the IRS sends the taxpayer a notice of deficiency and the 90-day period for filing a Tax Court petition

Appellate Case: 15-1626    Page: 24    Date Filed: 08/12/2015 Entry ID: 4305230

expires and, if a petition is filed, until the Tax Court's decision becomes final.

I.R.C. § 6201(a)(4) requires the IRS to assess the amount of restitution ordered by a district court in a criminal tax case, and I.R.C. § 6213(b)(5) provides that the deficiency procedures of § 6213(a) do not apply to such an assessment. As explained by the Joint Committee on Taxation, § 6201(a)(4) "allows the IRS and Treasury Department to immediately assess, without issuing a statutory notice of deficiency, and collect as a tax debt court-ordered restitution." Staff of the Joint Committee on Taxation, *General Explanation of Tax Legislation Enacted in the 111th Congress*, at 461 (Comm. Print 2011). The plain language of § 6213(b)(5), confirmed by the Joint Committee Explanation, establishes that restitution is not an amount assessed as a deficiency. Consequently, § 6212(a) does not require reduction of a deficiency by the amount of restitution ordered for the same year.[3]

---

[3] The IRS may recover only once, either through restitution or by collecting the assessed tax liability. *Morse*, 419 F.3d at 829; *United States v. Tucker*, 217 F.3d 960, 962 (8th Cir. 2000); *United States v. Helmsley*, 941 F.2d 71, 102 (2d Cir. 1991). To ensure against double collection, payments are applied to both the restitution and deficiency assessments. Chief Counsel Notice CC-2013-012, 2013 WL

- 20 -

4. The Tax Court correctly upheld the fraudulent-failure-to-file penalties. (Doc. 42 at 19-21.) I.R.C. § 6651(f)(a) imposes an addition to tax equal to 15% of the amount of tax required to be shown on the return for each month the return is delinquent, up to a maximum of 75%, if the taxpayer fraudulently fails to file a return. The determination whether a taxpayer's failure to file was fraudulent is based on the same elements used to determine whether the taxpayer is liable for the addition to tax for fraud under former I.R.C. § 6653(b) and present I.R.C. § 6663(a). *See* H.R. Rep. No. 101-247 at 1403 (1989), *reprinted in* 1989 U.S.C.C.A.N. 1906, 2872-2873; *Clayton v. Commissioner*, 102 T.C. 632, 647-53 (1994). The Commissioner bears the burden of proving, by clear and convincing evidence, that the taxpayer intended to evade taxes that he knew or believed to be owing by conduct intended to conceal, mislead, or otherwise prevent their collection. *See Morse*, 419 F.3d at 832-33.

The Tax Court correctly found that the Commissioner met that burden here. (Doc. 42 at 21.) The court found that taxpayer did not

4041879; *General Explanation of Tax Legislation Enacted in the 111th Congress*, at 461.

- 21 -

dispute any of the facts establishing that he received substantial

taxable income during the years in question, that he "engaged in

a complex scheme to conceal his income and assets," and that "the

obvious purpose of engaging in the scheme was to evade taxes."

(*Id.* at 21.)  On this undisputed record, the Tax Court's finding of

fraud was not clearly erroneous.[4]

5.  The Tax Court correctly upheld the failure-to-pay penalties

and the failure-to-pay-estimated-tax penalties.  (Doc. 42 at 22.)  I.R.C.

§ 6651(a)(2) imposes a penalty for failure to pay timely the amount of

tax shown on a return, unless the taxpayer demonstrates that the

failure was due to reasonable cause and not due to willful neglect.  A

substitute return made by the IRS under I.R.C. § 6020(b) is treated as

---

[4] In addition, the court correctly determined that the doctrine of collateral estoppel barred taxpayer from contesting the fraud penalty for 2004 because he pleaded guilty and was convicted of tax evasion under I.R.C. § 7201 for that year.  (Doc. 42 at 21.)  *See Blohm v. Commissioner*, 994 F.2d 1542, 1554 (11th Cir. 1993) ("[a] criminal tax fraud conviction under 26 U.S.C. § 7201 estops a taxpayer from denying liability for civil fraud"; "for purposes of applying the doctrine of collateral estoppel, there is no difference between a judgment of conviction based upon a guilty plea and a judgment rendered after a trial on the merits"); *Zack v. Commissioner*, 291 F.3d 407, 415 (6th Cir. 2002).

Appellate Case: 15-1626    Page: 27    Date Filed: 08/12/2015  Entry ID: 4305230

the return filed by the taxpayer for purposes of determining whether the § 6651(a)(2) penalty applies. I.R.C. § 6651(g)(2); *Cabirac v. Commissioner*, 120 T.C. 163, 170 (2003). As the Tax Court correctly found (Doc. 42 at 22), the Commissioner introduced evidence of such returns here reflecting tax liabilities that had not been paid. (Ex. 4-R-A, B, C, D, E, F.) Taxpayer did not allege that his failure to pay was due to reasonable cause and not willful neglect. Taxpayer also failed to make estimated tax payments for 2001-2005, although he was required under I.R.C. § 6654 to do so.[5] Accordingly, the Tax Court's findings that taxpayer is liable for these penalties is not clearly erroneous.

---

[5] The Tax Court relieved taxpayer of the § 6654 penalty for 2000 because the record did not contain evidence establishing that he was required to pay estimated taxes for that year. (Doc. 42 at 24.) The Commissioner did not appeal that finding.

Appellate Case: 15-1626    Page: 28    Date Filed: 08/12/2015 Entry ID: 4305230

## CONCLUSION

The decision of the Tax Court is correct and should be affirmed.

Respectfully submitted,

CAROLINE D. CIRAOLO
  *Acting Assistant Attorney General*

/s/ *Curtis C. Pett*

| BRUCE R. ELLISEN | (202) 514-2929 |
| CURTIS C. PETT | (202) 514-1937 |

  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*

AUGUST 2015

Appellate Case: 15-1626    Page: 29    Date Filed: 08/12/2015 Entry ID: 4305230

# CERTIFICATE OF COMPLIANCE

## With Type-Volume Limitation, Typeface, Type Style, and Virus Scanning Requirements

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

> [X]   this brief contains 4359 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

> [ ]   this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

> [X]   this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Century Schoolbook, *or*

> [ ]   this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

3.  Pursuant to Eighth Circuit Rule 28A(h)(2), I further certify that the brief has been scanned for viruses using System Center 2012 Endpoint Protection (updated daily), which reports that the file is virus-free.

(s)   /s/ *Curtis C. Pett*
Attorney for   Commissioner
Dated:   August 12, 2015

Appellate Case: 15-1626    Page: 30    Date Filed: 08/12/2015 Entry ID: 4305230

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August 2015, I electronically filed a PDF version of the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system.

/s/ *Curtis C. Pett*
*Attorney*

Appellate Case: 15-1626    Page: 31    Date Filed: 08/12/2015 Entry ID: 4305230